**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MONICA DANEAN JACKSON, | ) | NO. CV 13-5416-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on August 6, 2013, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

1  August 21, 2013.  Plaintiff filed a motion for summary judgment on
2  January 6, 2014.  Defendant filed a cross-motion for summary judgment
3  on February 5, 2014.  The Court has taken the motions under submission
4  without oral argument.  See L.R. 7-15; "Order," filed August 13, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former dispatcher,[1] asserts disability based on a combination of alleged mental and physical impairments (Administrative Record ("A.R.") 46-446).  The Administrative Law Judge ("ALJ") found Plaintiff "has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, bilateral carpal tunnel syndrome, and depressive disorder" (A.R. 16).  The ALJ also found, however, that Plaintiff retains the residual functional capacity to perform a limited range of light work with only the following mental limitations: "mild-to-moderate limitations in understanding and remembering tasks, sustaining concentration and persistence, socially interacting with the general public and adapting to workplace changes" (id.).  A vocational expert testified that a person retaining such a capacity could perform Plaintiff's past relevant work as a dispatcher (A.R. 58-59).  The ALJ appears to have relied on this testimony in finding Plaintiff not disabled (A.R. 23).  The Appeals Council denied review (A.R. 1-3).

///
///
///

---

[1] See Dictionary of Occupational Titles § 221.367-070.

2

1 **STANDARD OF REVIEW**

3    Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

   Plaintiff contends, inter alia, that the ALJ erred in failing to explain why the residual functional capacity assessment did not adopt certain opinions of the consultative examining psychiatrist (Plaintiff's Motion at 7-9).  As discussed below, the Court agrees.

   Consultative examining psychiatrist Dr. Jarvis Ngati opined, in pertinent part, that Plaintiff's

> ability to interact with coworkers . . . may be moderately
> limited. . . .  Her ability to maintain regular attendance
> in the workplace and complete a normal workday and workweek
> without interruptions from a psychiatric condition is
> moderately limited . . . and her ability to deal with the
> usual stresses encountered in the workplace is moderately

1      limited. . . . (A.R. 391).

3   Plaintiff contends that the ALJ should have adopted these
4   limitations (and perhaps others) into the ALJ's assessment of
5   Plaintiff's residual functional capacity. Plaintiff contends that the
6   ALJ erred by implicitly rejecting Dr. Ngati's opinions regarding these
7   limitations. Plaintiff cites cases including <u>Regennitter v.
8   Commissioner</u>, 166 F.3d 1294 (9th Cir. 1999), <u>Lester v. Chater</u>, 81 F.3d
9   821 (9th Cir. 1995) and <u>Andrews v. Shalala</u>, 53 F.3d 1035 (9th Cir.
10  1995) for the proposition that "the failure to provide specific and
11  legitimate reasons . . . supported by substantial evidence in the
12  record for rejecting the opinion of an examining doctor when
13  contradicted by another doctor is reversible error. . . ."
14  (Plaintiff's Motion at 7) (citations and quotations omitted).[2]

16   Defendant responds to Plaintiff's contentions as follows:

18      Plaintiff contends that the ALJ failed to explain why he did
19      not accept Dr. Ngati's opinion that Plaintiff might have
20      moderate limitations in her ability to interact with co-
21      workers and the public, maintain regular attendance in the
22      workplace and to complete a normal workday and workweek
23      without interruption, and to deal with the usual stresses
24      encountered in the workplace (Pl's MSJ, p. 8). <u>However, the
25      ALJ's RFC finding encompasses these limitations</u>. Although
26      Dr. Ngati opined that Plaintiff had moderate limitations in

---

28  [2] <u>But see</u> <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985).

4

1   these areas (social interaction, concentration and
2   persistence (such as that needed to complete a workday), and
3   ability to respond to changes in a routine), Drs. Khan and
4   Salib opined that Plaintiff would have little, if any
5   limitations. Accordingly, the ALJ resolved the conflict in
6   the medical evidence as he is charged with doing, <u>and found
7   Plaintiff had mild-to-moderate limitations in these mental
8   functional areas</u>. . . .

10  (Defendant's Motion at 7) (emphasis added).

12      Defendant's response is not well taken. Contrary to the
13  response, "the ALJ's RFC finding" does <u>not</u> "encompass[ ]" "moderate
14  limitations in [Plaintiff's] ability to interact with co-workers . . .
15  maintain regular attendance in the workplace[,] . . . complete a
16  normal workday and workweek without interruption and . . . deal with
17  the usual stresses encountered in the workplace." <u>Compare</u> Defendant's
18  Motion at 7 and A.R. 391 <u>with</u> A.R. 16. Separate and apart from the
19  case law, Social Security Ruling 96-8p provides: "[i]f the RFC
20  assessment conflicts with an opinion from a medical source, the
21  adjudicator must explain why the opinion was not adopted."[3] The ALJ's
22  decision does not contain any specific explanation regarding why the

---

    [3] SSRs are "binding on ALJs." <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

    The term "medical source" as used in SSR 96-8p includes a consultative examining physician. <u>See</u> SSR 96-8p (referencing SSR 96-5p); SSR 96-5p (defining "medical sources" as "including treating sources, other examining sources, and non-examining physicians, psychologists and other medical sources"); <u>see also</u> 20 C.F.R. § 404.1513(a).

5

1 | ALJ failed to adopt into "the RFC assessment" the omitted opinions of
2 | Dr. Ngati (A.R. 16-23).  The ALJ thereby erred.  See id.  The nature
3 | of the omitted opinions, the vocational expert's reliance on the ALJ's
4 | residual functional capacity assessment, and the ALJ's apparent
5 | reliance on the vocational expert's testimony preclude the Court from
6 | deeming the error harmless.
7 |
8 |      Because the circumstances of this case suggest that further
9 | administrative review could remedy the ALJ's error, remand is
10 | appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see
11 | generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an
12 | administrative determination, the proper course is remand for
13 | additional agency investigation or explanation, except in rare
14 | circumstances).
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 11, 2014.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

7